RECEIVED
CHARLOTTE, N.C.
SEP 0 7 2005
Clerk, U.S. Dist. Court
W. Dist. of N.C.

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

DOCKET NO. 3:03CR181-MU

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | **SECOND PRELIMINARY ORDER OF FORFEITURE (SUBSTITUTE PROPERTY)** |
| v. | ) ) | |
| ROBERT ANTHONY THOMPSON, | ) ) | |
| Defendant. | ) | |

In the bill of indictment in this case, the United States sought forfeiture of property of the defendant pursuant to 21 U.S.C. §853(a) as property that was proceeds of and/or was used to facilitate the drug crimes charged, together with any other substitute property, which would be subject to forfeiture under §853(p).

Defendant pled guilty to Counts One and Nine in the bill of indictment and was adjudged guilty of the offenses charged in those counts. This Court subsequently entered a preliminary order of forfeiture including drug proceeds in the amount of $2.6 million. The government is now seeking a second preliminary order forfeiting the sum of $3159.55 as substitute property for a corresponding portion of the $2.6 million.

Based on the defendant's plea of guilty, the Court's previous findings, and the representations in the government's motion, which defendant has not opposed, the Court finds that the sum of $3159.55 in proceeds from the sale of defendant's 2003 Ford F550 truck is defendant's property and is subject to forfeiture pursuant to 21 U.S.C. §853(p).

It is therefore ORDERED:

Based upon defendant's plea of guilty, the United States is authorized to seize the

following property belonging to defendant, and it is hereby forfeited to the United States for disposition according to law, subject to the provisions of 21 U.S.C. §853(n): the sum of $3159.55 in proceeds from the sale of a 2003 Ford F550 truck.

Pursuant to 21 U.S.C. §853(n)(1), the government shall publish in The Gaston Gazette, a newspaper of general circulation, notice of this order; notice of its intent to dispose of the property in such manner as the Attorney General may direct; and notice that any person, other than the defendant, having or claiming a legal interest in any of the above-listed forfeited property must file a petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in property that is the subject of this order of forfeiture, as a substitute for published notice as to those persons so notified.

Upon adjudication of all third-party interests, this Court will enter a final order of forfeiture pursuant to 21 U.S.C. §853(n).

This the ___ day of _____, 2005.

GRAHAM C. MULLEN
UNITED STATES DISTRICT JUDGE

2