IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

NO. 3:03cr181

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | ORDER AND NOTICE TO PRO SE |
| | ) | PETITIONER OF UNITED STATES' |
| vs. | ) | RESPONSE TO DOCUMENT FILED BY |
| | ) | ANGLIS DELORES THOMPSON |
| ROBERT ANTHONY THOMPSON, | ) | |
| | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court on a NOTICE OF MOTION ON RELEASE of ANGLIS DELORES THOMPSON filed August 16, 2006 (Doc. No. 229), purporting to assert an interest in property at 302-2 Compact School Road, Kings Mountain, North Carolina 28086 (Deed Book 1266, Page 649, Cleveland County Public Registry), and seeking the release of said property from a Preliminary Order of Forfeiture (Doc. No. 158).

The United States timely responded to said NOTICE on September 5, 2006, by filing GOVERNMENT RESPONSE TO DOCUMENT FILED BY ANGLIS DELORES THOMPSON (Doc. No. 231).

The Court has since been awaiting a Reply or some other pleading from ANGLIS DELORES THOMPSON responding to the United States.

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises ANGLIS DELORES THOMPSON, who is proceeding *pro se*, of the heavy burden that she carries in failing to respond to the GOVERNMENT RESPONSE TO DOCUMENT FILE BY ANGLIS DELORES THOMPSON (Doc. No. 231), which response is akin to a summary judgment motion against MS. THOMPSON by the United States.

Under Federal Rule of Civil Procedure 56(e), which provides guidance in this case:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if ANGLIS DELORES THOMPSON has any evidence to offer to show that there is a genuine issue for trial or evidentiary hearing, she must now present it to this Court in a form which would otherwise be admissible at trial or evidentiary hearing, *i.e.*, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted.

Affidavits or statements must be presented by ANGLIS DELORES THOMPSON to this Court no later than thirty (30) days from the date of this Order, or Wednesday, December 13, 2006. Her failure to respond likely will result in the United States being granted the relief it seeks by way of dismissal of her NOTICE, that is, the dismissal of her claim with prejudice.

NOW THEREFORE, IT IS ORDERED:

1. The *pro se* petitioner, ANGLIS DELORES THOMPSON, shall have until Wednesday, December 13, 2006, to file her reply or response, including any evidence, to GOVERNMENT RESPONSE TO DOCUMENT FILED BY ANGLIS DELORES THOMPSON.

2. The Clerk is directed to send copies of this Order and Notice to *pro se* petitioner, that is, Anglis Delores Thompson, P.O. Box 754, Kings Mountain, North Carolina 28086 (this address being the return address on the envelope which Ms. Thompson used to forward her Notice to the Court).

SO ORDERED.

Signed: November 13, 2006

Frank D. Whitney
United States District Judge