**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07CV209-W-02**
**(3:03CR181-W)**

**ROBERT ANTHONY THOMPSON,** )
**Petitioner,** )
)
**v.** ) **ORDER**
)
**UNITED STATES OF AMERICA,** )
**Respondent.** )
______________________________)

**THIS MATTER** comes before the Court on the petitioner's so-called "Motion For Relief By A Person In Federal Custody Pursuant To 28 USCS §2255" (document # 1), filed May 21, 2007; on the "Government's Response To Petitioner's Motion To Vacate His Sentence" (document # 3), filed September 19, 2007; and on the petitioner's "Motion For Leave To File 'Supplemental Motion To Vacate Set Aside Or Correct A Sentence . . . "" (document # 9), filed October 29, 2007.

After having carefully reviewed the petitioner's Motion, the government's Response and the record of his criminal case, along with the relevant legal precedent, the Court concludes--out of an abundance of caution-- that the petitioner's Motion to Vacate should be granted, but only for the purpose of allowing him to timely pursue a direct appeal of his underlying criminal case.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Pertinent to the instant Motion, on October 28, 2003, a Bill

of Indictment was filed, charging the petitioner (and six others) with conspiring to possess with intent to distribute at least five kilograms of powder cocaine and at least 50 grams of crack cocaine, all in violation of 21 U.S.C. §§841 and 846. The petitioner also was charged with possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §841 (Count Eight). The Indictment also gave a Notice of Forfeiture, alleging that certain of the petitioner's property was subject to forfeiture under 21 U.S.C. §853 by virtue of the petitioner's drug dealing activities.

In addition to the foregoing, on the same date of October 28, 2003, the government filed an Information pursuant to 21 U.S.C. §851, asserting that the petitioner earlier has sustained three drug trafficking convictions in the Superior Courts of North Carolina and one in the United States District Court for the Western District of North Carolina. Such Notice, therefore, made the petitioner subject to enhanced sentencing in the event that he was convicted on the charges which then were pending against him.

On October 19, 2004, the petitioner appeared before the Court and entered "straight-up" guilty pleas to the two charges pending against him. On that occasion, the Court engaged the petitioner in its standard lengthy plea colloquy to ensure that he was knowingly and voluntarily tendering his pleas. After

considering the petitioner's answers to all of its questions, the Court decided that the guilty pleas should be accepted, and so it conditionally accepted the pleas.

More than a year later, the petitioner submitted a pro-se letter which was filed with the Court on November 8, 2005. The petitioner's letter asserted that his attorney had been ineffective for his alleged failure to, among other things, object to certain calculations in his Pre-Sentence Report. Although the inquiry to status of counsel hearing revealed that the petitioner's complaints related exclusively to counsel's alleged failure to oppose the forfeiture of his property, the Court still decided to relieve the petitioner's first attorney from representation and to appoint replacement counsel.

On July 17, 2006, the government filed a "Notice Of Withdrawal Of Paragraphs 2-4 Of The 21 U.S.C. § 851 Notice." By that document, the government withdrew its §851 Notice concerning three of the petitioner's four prior convictions, thereby exposing him to the lower 20-year statutory mandatory minimum term, and lowering his sentencing range from 360 months to life down to 235 to 293 months.

In any case, on July 17, 2006, the Court conducted a Factual Basis and Sentencing Hearing at which the petitioner was represented by replacement counsel. At the outset of that proceeding, the Court posed several questions to the petitioner concerning

his tender of his guilty plea. As a result of the petitioner's answers, the Court unconditionally accepted the petitioner's guilty pleas.

Next, the Court turned to the petitioner's multiple objections to his Pre-Sentence Report. However, defense counsel conceded that most, if not all, such objections essentially were mooted by the fact that the petitioner's convictions, when coupled with his prior convictions, exposed him to a statutory mandatory term of life imprisonment; and the fact that the government was going to be asking the Court to depart downward to a level which would be below any sentence the petitioner could have received if his objections were granted. Notwithstanding defense counsel's concession, the Court addressed the petitioner's objection to the leadership enhancement as recommended in his Pre-Sentence Report and, ultimately, granted that objection.

Thereafter, the Court took up the government's Motion for Downward Departure pursuant to United States Sentencing Guidelines §5K1.1. Such Motion noted that the petitioner's pre-departure Total Offense Level was 41, his Criminal History Category was VI, and his sentencing range was a term of 360 months to life imprisonment. Furthermore, the Motion noted that the petitioner had provided substantial assistance; it reported that the petitioner was subject to a statutory mandatory term of 20 years imprisonment; and it recommended that the Court impose

that 20 year sentence. Following that, the parties discussed the forfeiture matters and stipulated to the Preliminary Judgment of Forfeiture for property belonging solely to the petitioner.

Ultimately, the Court announced two 240-month concurrent sentences for the petitioner. The Court's Judgment was filed August 4, 2006. The petitioner did not directly appeal his conviction or sentence.

Rather, on May 22, 2007, the petitioner filed the instant Motion to Vacate. By his Motion, the petitioner sets forth several claims against his former attorneys, and he argues that the Court committed error in its sentencing calculations. Relevant here, one of the petitioner's claims against the attorney who represented him at sentencing is that counsel was ineffective for having failed to honor his request for an appeal. In particular, the petitioner claims that "after sentencing," he asked his attorney to file a direct appeal, but counsel ignored his request. Furthermore, the petitioner alleges that "[a] few days later," he again asked his attorney to file and appeal; and that counsel told the petitioner that he would file the appeal after the petitioner arrived at his designated prison facility.

For his part, counsel for the government filed a Response in which he reports that in an attempt to address the petitioner's claims, he requested a response from former counsel, but counsel has failed to honor that request. Thus, counsel for the govern-

ment concedes that the critical question of whether defense counsel was ineffective for failing to honor the petitioner's request for an appeal should, for the sake of simplicity, be decided in the petitioner's favor.

## II. ANALYSIS

In United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal. See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

More recently, in United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007), the Fourth Circuit reaffirmed its holding from Peak, there agreeing with the petitioner's assertion that "an attorney who disregards his client's unequivocal instruction to file a timely notice of appeal acts in a manner that is both professionally unreasonable and presumptively prejudicial." In fact, the Poindexter Court stated that counsel's conduct would be prejudicial under those circumstances, notwithstanding whether the proposed appellate claim(s) involved a matter which was covered by a waiver provision, or the probable lack of success of such an appeal. 492 F.3d at 273. Essentially, the Court

observed that while in cases such as the instant one, the petitioner may be "obtain[ing] little more than an opportunity to lose at a later date," that is a statutory right which simply cannot be taken away from him. Id; see also Rodriguez v. United States, 395 U.S. 327 (1969) (noting that defendants have an absolute statutory right to a direct appeal).

Additionally, the Supreme Court has ruled that even where a defendant has not approached his attorney and specifically directed counsel to appeal, "the better practice is for counsel routinely to consult with the defendant about an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). In this instance, consult means to advise the defendant of the advantages and disadvantages of an appeal and make "a reasonable effort to discover the defendant's wishes." Id. In some cases, such as where a defendant receives a sentence which is different from what he expected, counsel's consultation about an appeal should occur after the sentencing hearing has been conducted. United States v. Witherspoon, 231 F.3d 923, 927 (4th Cir. 2000).

In the instant case, the petitioner has alleged that he expressly requested an appeal on the date that he was sentenced and on a later date, and that counsel agreed to file the appeal for him. However, the underlying criminal record reflects, as the petitioner further has alleged, that counsel failed to file that appeal. Moreover, counsel was given an opportunity to deny,

or to otherwise rebut the petitioner's allegations, but counsel has chosen to remain silent notwithstanding the consequences of that silence. Accordingly, in light of the relevant legal precedent, this Court concludes that the petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment, so that the petitioner may appeal his convictions and/or sentences.

## III. NOTICE OF APPELLATE RIGHTS

Mr. Thompson, you are hereby advised that you have a right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court. Upon your request, the Clerk can assist you in preparing your Notice of Appeal.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without having to pay the applicable filing fees. You should discuss the question of appeal with your attorney, if you have one. Notwithstanding whatever he or she may tell you, the responsibility for filing the Notice of Appeal

remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

Finally, inasmuch as this Court cannot reach any of the petitioner's other claims by virtue of its decision on the petitioner's Poindexter/Peak claim, the petitioner's Motion for Leave to Supplement will be dismissed as moot. See United States v. Killian, 22 Fed.Appx. 300, 301 (4th Cir. 2001)(noting that where district court grants motion to vacate under Peak, the court must defer ruling on petitioner's remaining claims).

## IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED**, but only for the purpose of allowing the petitioner to timely appeal his case;

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure to consult with the petitioner concerning an appeal, or to timely file an appeal as requested by the petitioner;

3. That the Clerk is directed to prepare a new Judgment with the same sentences and conditions as indicated on the original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order;

5. That the Clerk shall send copies of this Order to the

petitioner and to the United States Attorney for the Western District of North Carolina; and

6. That the petitioner's Motion for Leave to File a Supplemental Motion is **DISMISSED as moot.**

**SO ORDERED.**

Signed: November 28, 2007

Frank D. Whitney
United States District Judge