# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NOS. 3:03-cr-00181 and 3:07-cv-209-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| ROBERT ANTHONY THOMPSON, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER is before the Court pursuant to a Notice by Interested Party (Doc. No. 229), filed by Ms. Anglis D. Thompson on August 16, 2006, "Motion Request for All Unforfeitured [sic] Property, Titles and Documents Return" (Doc. No. 264) filed by Ms. Thompson and Defendant Robert Anthony Thompson on December 17, 2007, and "Motion Request for All Unforfeitured [sic] Property, Titles and Documents Return" (3:07-cv-209-w, Doc. No. 16) filed by Defendant on April 17, 2009.

## I. BACKGROUND

In this case, forfeiture was based upon Defendant's plea of guilty to Counts One and Eight in the bill of indictment, without a plea agreement. In Count One, Defendant was charged with conspiracy to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C.§841(a)(1) and §846. The indictment contains a general forfeiture notice as required by Rule 32.2(a) and further lists numerous specific assets as subject to forfeiture. Defendant failed to contest the government's motions for the first and second preliminary orders of forfeiture or the supporting affidavit of FBI Special Agent Dan Caylor, which established the factual and legal basis for

forfeiture of all the assets listed in the first preliminary order. That order was signed by Judge Mullen on June 13, 2005 (Doc. No. 158). It forfeited two of the seven parcels identified in the indictment forfeiture notice, as follows:

> Real properties located in Cleveland County, North Carolina, as described in the Cleveland County Public Registry in deeds recorded at Deed Book 1266, Page 649, and Deed Book 1352, Page 700, respectively.

The real property located at 302-2 Compact School Road, Kings Mountain, NC 28086, recorded in Deed Book #1266, Page 649, is the property to which Ms. Thompson now asserts an interest, and is hereinafter referred to as the "Property."

## II. DEFENDANT'S MOTION

The Court notes that although the first "Motion"(Doc. No. 264) filed December 17, 2007, is signed by Defendant, it does not appear to be made on behalf of Defendant. Indeed, the first line of the motion states, "NOW COMES Pursuant [sic] Angelis Deloris Thompson to matter of third party petition . . . ." To the extent that Defendant could be considered a party to the motion, this objection to forfeiture is well over-due, as it was filed over two years after this Court's entry of the "First Final Order and Judgment of Forfeiture" (Doc. No. 181) and over a year and four months after the entry of the "Second Final Order and Judgment Confirming Forfeiture of Property" (Doc. No. 221). Furthermore, these forfeiture orders were adopted in the judgment against Defendant. (Docs. Nos. 224, 265). Because Defendant entered a straight up plea to conspiracy to trafficking controlled substances. Further, the government has demonstrated a substantial connection between the Property and Defendant's criminal conduct in its several Motions supporting the forfeiture of the Property (Doc. No. 130, 157, 173, 180).

Therefore, the Court finds the objection, which was submitted to the Court for the first time on December 17, 2007, to be untimely, and it shall be dismissed as such. Defendant's subsequent

"Motion" individually filed April 17, 2009 (3:07-cv-209, Doc. No. 16) is also dismissed for the same reason.

## II. PETITIONER'S MOTION

Prior to the joint motion filed by Defendant and Ms. Thompson (Doc. No. 264), Ms. Thompson (hereinafter "Petitioner") filed a Notice of Interested Party requesting the release of the Property on August 16, 2006 (Doc. No. 229). In light of these motions and the other pleadings of the parties, this Court conducted a hearing pursuant to 21 U.S.C. § 853(n)(2) on December 21, 2007. At the hearing, this Court reserved ruling on the matter and requested supplemental pleadings from both parties to better determine the extent of Petitioner's notice and the exact location and address to the Property which was subject to forfeiture. Petitioner responded by another "Motion For Return of Property" (Doc. No. 267), and the Government filed its "Second Further Response" to Petitioner's motion (Doc. No. 271).

After an extensive review of the entire record, this Court is not convinced based on the current record that Petitioner's claim should be dismissed purely on the untimeliness issues raised by the Government. The Court therefore reserves ruling on her notice until a full bench trial is held pursuant to 21 U.S.C. § 853(n)(5) where both parties may present evidence and witnesses and cross-examine witnesses who appear.

## III. CONCLUSION

In sum, Defendant's motions (Doc. No. 264; 3:07-cv-209-w, Doc. No. 16) are DISMISSED. The parties are hereby put on notice that a **bench trial on Petitioner's claims** as set forth in her Notice of Interested Party (Doc. No. 229), Response (Doc. No. 236), "Motion Request" (Doc. No. 264), and "Motion for Return of Property" (Doc. No. 267) **shall take place on Monday, July 27, 2009, beginning at 9:00 a.m. in Courtroom #1 of the Charles R. Jonas Building.** Petitioner is

hereby given further notice that she should be prepared to establish her claims by a preponderance of the evidence, and her failure to do so may result in the Government being granted the relief it seeks by way of forfeiture. See 21 U.S.C. § 853(n)(6). The Clerk's office is DIRECTED to send a copy of this notice to counsel of record and to Angelis D. Thompson, P.O. Box 754, Kings Mountain, North Carolina, 28086, which is her address of record in this matter.

IT IS SO ORDERED.  Signed: June 29, 2009

Frank D. Whitney
United States District Judge